# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANISELA V. PRESCOTT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-02740-SB (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTIONS TO DISMISS** |

　　　　In accordance with 28 U.S.C. § 636, the Court has reviewed the attached Report and Recommendation of the Magistrate Judge to deny in part and grant in part Defendants' motions to dismiss. Among Defendants, only Officer Magana objects to the recommended disposition since it is adverse to him. (ECF 73 at 2). Plaintiff, too, objects to the recommendations as far as they are adverse to him. (ECF 70). After considering these objections, and reviewing any pertinent records as needed, the Court finds that no objection justifies an outcome on the motions to dismiss different than that recommended by the Magistrate Judge.

　　　　*First*, most of the parties' objections just repeat or reargue the merits of their respective positions from the briefing on the motions to dismiss. (ECF 70 at 3-4; ECF 73 at 2-6). None of those objections thus alters or affects the findings and conclusions in the Report and Recommendation.

　　　　*Second*, Plaintiff raises new arguments—indeed possibly new claims— that he never briefed in opposition to the motions to dismiss. (ECF 70 at 1-3; ECF 53, 54). The Court thus declines to consider these new arguments for

the first time only in objections to the Report and Recommendation. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). For similar reasons, the Court need not address Plaintiff's effort to "amend" his complaint to name the United States in his claim under the Federal Tort Claims Act. (ECF 70 at 4-8). As explained in the Report and Recommendation, the parties will have the chance to amend pleadings (as warranted) in accordance with a pretrial scheduling order to be entered later by the Magistrate Judge. (ECF 68 at 16).

*Third*, Defendant Magana misreads and misapprehends the Report and Recommendation's finding about his alleged deliberate indifference. (ECF 73 at 3-5). It does not find, as Magana suggests, that Defendant Hiatt had Plaintiff moved from the disciplinary bed just four days after the filing of Plaintiff's administrative grievance against Magana. Instead, it notes only, as alleged in the complaint, that Plaintiff asked Magana to move him four days after the filing of the grievance (at which point Magana refused). (ECF 68 at 4). Otherwise, the complaint does not specify, nor was it material to the Report and Recommendation, exactly when Hiatt had Plaintiff moved other than that it was some time after the filing of his grievance against Magana when Plaintiff approached Hiatt to seek the move. (ECF 1 at 7). In any event, as the Report and Recommendation explains, these timing allegations help only Defendant Hiatt, not Defendant Magana. (ECF 68 at 7-8). At this early pleading stage, Plaintiff has alleged enough facts plausibly suggesting that Magana was deliberately indifferent to his serious medical needs and caused him physical harm by forcing him to use the disciplinary bed and then refusing to follow the doctor's order to have Plaintiff moved. Whether the facts revealed in discovery will ultimately prove that Magana knew of and disregarded an excessive risk to Plaintiff's health—and that he was the cause of Plaintiff's claimed medical injuries—is a question for

another day. It cannot be answered now just on the face of Plaintiff's complaint. That is especially so since pro se complaints must be construed liberally and allowed to be amended (at least once anyway) if a plausible set of facts stating a colorable claim for relief could be alleged. *See Pouncil v. Tilton*, 704 F.3d 568, 574-75 (9th Cir. 2012); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)

For all these reasons, the Court concurs with and accepts the findings, conclusions, and recommendations of the attached Report and Recommendation. Defendants' motions to dismiss are accordingly GRANTED in part and DENIED in part, as set forth in that Report and Recommendation. Defendant Magana, in his personal capacity only, must answer the surviving Eighth Amendment *Bivens* claim in the complaint (as construed in the Report and Recommendation) within 14 days of this order. *See* Fed. R. Civ. P. 12(a)(4)(A). The case remains referred to the assigned Magistrate Judge for pretrial proceedings, including entry of a scheduling order that permits amendment of pleadings under Rule 16(b).

**IT IS SO ORDERED.**

Dated: April 6, 2022

Stanley Blumenfeld, Jr.
United States District Judge